Citation Nr: 1532788 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 11-05 440A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUES

1. Entitlement to service connection for a back disability.

2. Entitlement to service connection for a sleep disorder, to include sleep apnea.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

A. Adamson, Counsel
INTRODUCTION

The Veteran served on active duty from September 1992 to September 1996. This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2008 rating decision issued by the Department of Veterans Affairs Regional Office (RO) in Little Rock, Arkansas. The claims on appeal were remanded by the Board in November 2014 for additional evidentiary development. They are now again before the Board for adjudication.

The Veteran testified at a Travel Board hearing before the undersigned in March 2013. A transcript of that hearing has been associated with the claims file.

The record before the Board includes the Veteran's entirely electronic files found within Virtual VA and the Veterans Benefits Management System.

The issue of entitlement to service connection for a sleep disorder, to include sleep apnea, is addressed in the REMAND portion of the decision below and is REMANDED to the RO.


FINDING OF FACT

The Veteran's back disability did not have its onset in service and is not the result of a disease or injury incurred in active service.


CONCLUSION OF LAW

A back disability was not incurred in active service. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303 (2014).




REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2014). Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his representative, if applicable, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper notice from VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. This notice must be provided prior to an initial unfavorable decision by the agency of original jurisdiction (AOJ). Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004). Further, in Dingess v. Nicholson, the Court held that, upon receipt of an application for a service-connection claim, VA is required to review the evidence presented with the claim and to provide the claimant with notice of what evidence not previously provided will help substantiate his claim. 19 Vet. App. 473 (2006); see also 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b). Specifically, VA must notify the claimant of what is required to establish service connection and that a disability rating and effective date for the award of benefits will be assigned if service connection is awarded. 

The Board finds that the duty to notify was satisfied by way of the letter mailed to the Veteran in March 2008. 

VA has also satisfied its duty to assist the Veteran at every stage of this case. The Veteran's service treatment records, as well as all identified post-service VA medical records pertinent to the years after service, a VA examination report, Social Security Administration records, the Veteran's hearing testimony and his written lay statements are in the claims file and were reviewed by the Board in connection with the Veteran's claim. 

The Veteran underwent VA examination in January 2015. When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The Board finds that the VA opinion obtained in this case is adequate, as it was predicated on a reading of the service and post-service medical records in the Veteran's claims file and takes into consideration the Veteran's competent lay statements regarding the onset, frequency and severity of his symptoms and their history. The opinion takes into account all of the pertinent evidence of record, to include the Veteran's service and post-service records and his lay statements, and provides a complete rationale, relying on and citing to the records reviewed. The Board recognizes that the Veteran's representative submitted a statement in May 2015 suggesting this opinion was inadequate because it was not provided by either an orthopedic or neurological specialist. The Board rejects this argument. The VA examiner, a VA primary care physician, is a competent medical professional capable of making a determination as to the likelihood that the Veteran's current disability is causally connected to service. There is adequate medical evidence of record to make a determination in this case. VA has also assisted the Veteran and his representative throughout the course of this appeal by providing them with a SOC (statement of the case) and SSOC (supplemental statement of the case), which informed them of the laws and regulations relevant to this claim. For these reasons, the Board concludes that VA has fulfilled the duty to assist the Veteran in this case. 

Service Connection

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service. 38 U.S.C.A. § 1110. Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

To establish service connection for a disability resulting from a disease or injury incurred in service, or to establish service connection based on aggravation in service of a disease or injury which pre-existed service, there must be (1) competent evidence of the current existence of the disability for which service connection is being claimed; (2) competent evidence of incurrence or aggravation of a disease or injury in active service; and (3) competent evidence of a nexus or connection between the current disability and the disease or injury incurred or aggravated in service. Horn v. Shinseki, 25 Vet. App. 231, 236 (2010); Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. Sept. 14, 2009); cf. Gutierrez v. Principi, 19 Vet. App. 1, 5 (2004) (citing Hickson v. West, 12 Vet. App. 247, 253 (1999)). In many cases, medical evidence is required to meet the requirement that the evidence be "competent." However, when a condition may be diagnosed by its unique and readily identifiable features, the presence of the disorder is not a determination "medical in nature" and is capable of lay observation. Barr v. Nicholson, 21 Vet. App. 303, 309 (2007).

In relevant part, 38 U.S.C.A. § 1154(a) requires that VA give "due consideration" to "all pertinent medical and lay evidence" in evaluating a claim to disability benefits. Medical evidence of a current disability and nexus is not always required to establish service connection. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007) (footnote omitted).

Competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may also mean statements conveying sound medical principles found in medical treatises. It would also include statements contained in authoritative writings such as medical and scientific articles and research reports or analyses. 38 C.F.R. § 3.159(a)(1). Competent lay evidence means any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159(a)(2) .

In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt shall be given to the claimant. 38 U.S.C.A. § 5107(b). When a reasonable doubt arises regarding service origin, such doubt will be resolved in the favor of the claimant. Reasonable doubt is doubt which exists because of an approximate balance of positive and negative evidence which does not satisfactorily prove or disprove the claim. 38 C.F.R. § 3.102. The question is whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which event the claim must be denied. See Gilbert, 1 Vet. App. at 54.

The Veteran has perfected the claim as to whether he is entitled to service connection for a back disability. The Veteran recognizes that he was not treated for a back condition in service, but recalls experiencing problems with his back while still in service. See hearing transcript at page 4. He recalls lifting boxes of varying weights and, despite wearing a back brace during this activity, experiencing back pain. Id. at page 5. 

The Board does not doubt the Veteran's personal recollection of back pain in service. The question in this case is whether he has a current back disability that is causally connected to the back pain he experienced in service. 

The Veteran's service treatment records are consistent with the Veteran's report. There is no indication of treatment for or report of symptoms related to any back disorder in service. 

Following service, VA records show that the Veteran was treated for back symptoms in August 2005 at a VA emergency room. The Veteran sought treatment for back pain, which he indicated had its onset two days prior after moving furniture. There is no indication in this record of a history of back pain. In fact, in the area of past medical history, the examining physician indicated, "none."

The Veteran was also treated in a VA emergency room in July 2006 following a motor vehicle accident. He complained of a sore back with stiffness. He was assessed as having "muscle stiffness after MVA." There was no indication of a history of back pain and no reference to the Veteran's active service.

The Veteran's other VA clinical records and Social Security Administration records are without any indication of treatment for a back disability associated with any in-service incurrence.

Following the Board's remand, the Veteran underwent VA examination to assess the nature and etiology of his back disability in January 2015. The VA examiner recognized the Veteran's report of repeated back strains in service, which he related to repeated lifting. He reported back pain in service, which would last several hours and days. He reported ongoing flare ups of back pain weekly since service, as well as constant stiffness and intermittent spasms. Physical examination revealed mild tenderness and loss of motion. X-ray at the time of this examination was normal. The examiner confirmed that there is no intervertebral disc syndrome. The examiner indicated the appropriate diagnosis is lumbar strain. As to causation, the examiner found the Veteran's back disability to be associated with age and occupational stresses, and less likely than not related to the Veteran's active service. The examiner acknowledged in-service back strain, but found no evidence of an ongoing problem, with no problems noted in service and no reference to service in any of the post-service treatment records. 

In making all determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on his symptomatology. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a Veteran is competent to report on that of which he or she has personal knowledge); see also Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). Although the Veteran is competent to describe his symptoms, whether the symptoms the Veteran experiences are in any way related to his current disability is a matter that requires medical expertise to determine. See Clyburn v. West, 12 Vet. App. 296, 301 (1999) ("Although the veteran is competent to testify to the pain he has experienced since his tour in the Persian Gulf, he is not competent to testify to the fact that what he experienced in service and since service is the same condition he is currently diagnosed with."). Likewise, the Veteran does not have the medical expertise required to determine whether his back disability was incurred in service. See Jandreau, 492 F.3d at 1376-77 (noting general competence to testify as to symptoms but not to provide medical diagnosis). In this regard, the in-service pain reported by the Veteran can have many causes, and medical testing and medical expertise are needed to determine nature and etiology. The Board accepts that the Veteran experienced pain in service. However, this fact does not establish that the Veteran incurred a back disability in service, or that the pain in service was the initial manifestation of the later diagnosed lumbar strain. Thus, the Board finds that the Veteran is not competent to render a medical opinion on the onset and etiology of his current back disability. The VA examiner's opinion is the only medical opinion based upon a review of the complete claims file addressing the relationship between the current disability and active service. Thus, this medical opinion is of greater probative value than the Veteran's lay contentions. Id. 

Further, to the extent that the Veteran is making a claim that service connection is warranted based upon symptoms experienced in service, which have continued ever since, the Board again notes that the Veteran's x-rays do not show the existence of arthritis. Consideration of this claim on the basis of continuity of a chronic disease noted in 38 C.F.R. § 3.309 is, therefore, not warranted, as there was no notation of arthritis in service. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

In conclusion, the competent evidence does not reveal a nexus to a back disability occurring in service. While the Board has considered the Veteran's lay contentions as to the etiology of his current disability, the Board has accorded greater weight to the balance of the probative medical evidence of record. Although the Veteran might sincerely believe that his back disability is related to service, he, as a layperson, is not qualified to render a medical opinion as to etiology or diagnosis. As such, service connection must be denied. 38 C.F.R. § 3.303.

In reaching this conclusion, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable concerning this issue. See 38 U.S.C.A. § 5107(b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990).


ORDER

Entitlement to service connection for a back disability is denied.


REMAND

The claim for service connection for a sleep disorder, to include sleep apnea, requires additional action prior to the Board's adjudication. 

In November 2014, the Board remanded this issue for a VA examination and opinion as to the current nature of any sleep disorder present, as well as its etiology. The Board specifically found the November 2013 VA opinion in this regard to be inadequate, because it did not address the lay statement by the Veteran's in-service roommate, which documented recollections of intermittent snoring and choking sounds while the Veteran slept in service. The Board also found the opinion deficient because the examiner did not render an opinion as to whether there is any causal relationship between the Veteran's sleep disorder and his service-connected sinus condition. 

In January 2015, the November 2013 VA examiner issued a new medical opinion based upon a review of the claims file. The examiner determined that the Veteran's current sleep apnea is less likely than not due to any event of the Veteran's service. The examiner indicated review of the buddy statement and indicated that, with a history of sinus problems in service, the cough and choking witnessed by the Veteran's roommate could have been "easily caused by this." The examiner noted that there were no concerns with sleeping or snoring that were brought to the attention of medical staff during the Veteran's service. The examiner also noted the time period between the Veteran's service and the diagnosis of sleep apnea to be several years. 

As to whether the Veteran's sleep apnea, diagnosed after service, was caused or aggravated by the service-connected sinus condition, the examiner found that no such causal connection exists. The rationale for this opinion is that the Veteran reports that the sleep apnea "is much improved with a CPAP therefore sinus condition has not [aggravated his sleep apnea]." It is unclear to the Board why a finding that the Veteran is being adequately treated for his sleep apnea equates to a finding related to the sleep apnea's causation. Treatment obviously occurs after a disorder is diagnosed, so its effectiveness cannot be used to assess causal connection. Further, the examiner did not provide any rationale for concluding that because the Veteran's sleep apnea is properly treated, it was not aggravated at any time by the service-connected sinus condition. For these reasons, the Board finds the VA examiner's opinion as to secondary service connection to lack a well-reasoned rationale, and therefore, to be inadequate. For these reasons, the Board finds that the RO failed to substantially comply with the November 2014 remand directives. Such noncompliance is error on the part of the RO. Moreover, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268 (1998). Accordingly, the Board must once again remand the matter for compliance. The Board therefore determines that an addendum opinion adequately addressing the pertinent questions must be obtained in order to determine whether the Veteran's confirmed sleep apnea was caused or aggravated at any time during the pendency of this claim by the service-connected sinus disorder.

Further, the March 2008 notice letter sent to the Veteran related to service connection for sleep apnea fails to provide notice of the evidence necessary to establish a claim on a secondary basis. On remand, the RO must also provide the Veteran with the notice required to establish service connection on a secondary basis. 38 C.F.R. § 3.159(b) (2014).

Finally, the Board recognizes that the Veteran's electronic claims files contain some records of the Veteran's VA treatment. At the time of his Travel Board hearing, the Veteran reported that he was initially diagnosed with sleep apnea after a sleep study in 2008, and that he began using a CPAP in 2009. This was also reported within his Social Security Administration records. A review of the VA treatment records within the claims file, however, reveals that the records of this initial treatment of sleep apnea are not a part of the record before the Board. On remand, development to obtain any outstanding, pertinent VA records, to include records related to the initial treatment of sleep apnea in 2008, should be completed. 38 U.S.C.A. § 5103A(c) (West 2014); see also Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim).

Accordingly, the case is REMANDED for the following actions:

1. The RO must obtain all relevant treatment records, which have not previously been obtained, to include all non-duplicative VA medical records relating to the Veteran's sleep apnea dating since 2008. All attempts to secure this evidence must be documented in the claims file by the RO. Efforts to obtain these records should only end if these records do not exist or further efforts to obtain them would be futile. If the RO is unable to secure same, the RO must notify the Veteran and (a) identify the specific records the RO is unable to obtain; (b) briefly explain the efforts that the RO made to obtain those records; (c) describe any further action to be taken by the RO with respect to the claim; and (d) explain that he is ultimately responsible for providing the evidence. The Veteran and his representative must then be given an opportunity to respond.

2. The RO must provide the Veteran with notice of the evidence necessary to establish service connection on a secondary basis under 38 C.F.R. § 3.310 (2014).

3. Once the record is developed to the extent possible, the RO should return the claims file to the examiner who completed the November 2013 and January 2015 reports, if available. 

If that examiner is not available, then schedule the Veteran for a VA examination regarding his sleep apnea. 

The examiner should express an opinion as to whether the Veteran's sleep apnea is at least as likely as not proximately due to or aggravated by the service-connected sinus disorder. 

(The term 'at least as likely as not' does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of a certain conclusion as it is to find against it.)

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Since it is important that each disability be viewed in relation to its history (38 C.F.R. § 4.1 (2014), copies of all pertinent records in the Veteran's claims file, or in the alternative, the claims file itself, must be made available to the examiner for review. If an opinion cannot be made without resort to mere speculation, this must also be fully explained. See Jones v. Shinseki, 23 Vet. App. 382 (2010).

4. If a new VA examination is scheduled, the Veteran must be advised of the importance of reporting to the scheduled VA examination and of the possible adverse consequences, to include the denial of his claim, of failing, without good cause, to so report. See 38 C.F.R. § 3.655 (2014). A copy of the notification letter sent to the Veteran advising him of the time, date, and location of the scheduled examinations must be included in the claims file and must reflect that it was sent to his last known address of record. If he fails to report, the claims file must indicate whether the notification letter was returned as undeliverable. 

5. When the development requested has been completed, the case should be reviewed by the RO on the basis of the additional evidence. If the benefits sought are not granted, the Veteran and his representative should be furnished an SSOC. The Veteran and his representative must then be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.



The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
L. M. BARNARD
Acting Veterans Law Judge, Board of Veterans' Appeals




Department of Veterans Affairs